**2016 UT App 235**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
AARON DAVID TRENT NEEDHAM,
Appellant.

Memorandum Decision
No. 20140483-CA
Filed December 8, 2016

Fifth District Court, St. George Department
The Honorable A. Lynn Payne
No. 101500067

Aaron David Trent Needham, Appellant Pro Se

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and DAVID N.
MORTENSEN concurred.

ORME, Judge:

¶1     Aaron David Trent Needham was convicted of eight counts of communications fraud and one count of pattern of unlawful activity. On appeal, he raises a number of challenges, none of which has merit and all of which may be dealt with summarily.

¶2     First, Needham argues that the trial court erred in denying his motion for a new trial because he was "denied his right to confront witnesses against him and his counsel provided ineffective assistance of counsel." Even with the trial court assuming that the standard governing absences from trials and sentencing also applied to absences from depositions, it concluded that Needham's absence from the deposition was

voluntary. As the State correctly notes, Needham "has not addressed, much less challenged," whether his absence from the deposition was voluntary. Because Needham has failed to address "the basis of the [trial] court's ruling, we reject this challenge." *See Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375.

¶3    Second, Needham contends that his conviction violates the double jeopardy clauses of the United States and Utah constitutions. Needham claims that his rights were violated when the Utah Division of Occupational and Professional Licensing sanctioned him for engaging in unlicensed contracting and, alternatively, when a civil suit was filed against him for breach of contract. While the argument may not have been preserved, and although Needham seems to suggest that failure to raise the issue was the product of ineffective assistance of counsel, neither possibility affects our ultimate resolution of the issue. The simple fact is that neither proceeding is criminal in nature, and, accordingly, there can be no Double Jeopardy problem. *See Hudson v. United States*, 522 U.S. 93, 99 (1997) (stating that the Double Jeopardy Clause protects "only against the imposition of multiple *criminal* punishments for the same offense") (emphasis in original).

¶4    Third, Needham alludes to other claimed errors in the proceedings below. The State is correct that these issues are inadequately briefed. *See State v. Green*, 2005 UT 9, ¶ 11, 108 P.3d 710 ("A brief [that] does not fully identify, analyze, and cite its legal arguments may be 'disregarded or stricken' by the court[.]") (quoting Utah R. App. P. 24); *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (stating that an issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court"). In view of the inadequate briefing, we have no occasion to consider these issues.

¶5    Affirmed.

_____